### In re SOULE'S WILL.

(*Supreme Court, General Term, Fifth Department.* October, 1891.)

LOST OR DESTROYED WILLS—PROBATE—EVIDENCE.

    On motion to probate a lost or destroyed will, it appeared that testatrix before her marriage executed a will, drawn for her by one C., leaving all her property to proponents, her niece and the latter's husband; that after her marriage she requested C. to draw another will like the first, telling him that the first had been taken

away by her husband or some other person in the family; that C. drew up another will, which testatrix executed and gave to him for safe-keeping. C. testified that three years afterwards, and two weeks before the death of testatrix, her husband came to him and got the will, representing that testatrix wanted it. It did not appear whether testatrix directed him to get it, or whether it fell into his hands or hers. There was evidence tending to show that two days before testatrix died the will was among some of her papers, to which both she and her husband had access, and there was no evidence that she destroyed or revoked it, or intend to revoke it. It was not found after her death. *Held*, that the court erred in denying the probate of the will without first submitting to a jury the questions whether such a will was validly executed, and whether it was in existence when testatrix died, unless fraudulently destroyed in her life-time.

Appeal from surrogate's court, Erie county.

Proceeding by Henry Beaver and Emily Beaver for the probate of a lost or destroyed will of Maria Soule, deceased. The probate was resisted by William Soule, the husband of testatrix, and was denied by the surrogate, and proponents appeal.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Tichnor & Pierce*, for appellants. *Thrasher & Leonard*, for respondent.

DWIGHT, P. J. The execution of the alleged will is found by the surrogate; the question is of its revocation. In or about 1883, the testatrix, being then a widow and without descendants; executed her will, drawn by a neighbor on a blank of short form, by which she made a niece and the husband of the latter sole legatees and devisees of her little property, which amounted, at the time of her death, to about $1,800. The next year, 1884, she married William Soule, the contestant, and two years after that, in 1886, she sent for the same neighbor, and requested him to draw another will precisely like the first, which was lost. She told him that it had been taken away by somebody in the family, and it must have been either her husband or a young relative whom she named. The scrivener, Mr. Clark, accordingly procured a similar blank, and drew a second will as nearly as possible a counterpart of the first, which the testatrix executed with all due formality, and gave to Mr. Clark to keep for her, saying that she had had bad luck with the other will, and he could keep it safer than she could. Three years afterwards, and two weeks before the testatrix died, the custodian was induced, by the representations of Soule that his wife wanted the will, to send it to her house. Whether at that time it fell into the hands of the testatrix or of her husband does not appear. There is evidence tending to show that it was among papers belonging to her, and to which both she and her husband had access, two days before she died. There is no evidence that she ever destroyed it or consented to its destruction, or revoked it in any manner, or intended to revoke it. There is no evidence, even, that it was withdrawn from the depositary by her direction. The testimony of Mr. Clark and of the contestant, as to the statement of the latter to the former at the time he was induced to give up the will, was properly received in evidence, because Mr. Clark had already testified in behalf of the proponents to the effect and purport of the conversation to a certain extent. This gave to the contestant the right to give evidence of the whole of the conversation, but it was a mere declaration, and was not evidence of the fact stated. We have then, very briefly, the will in question duly executed, to take the place of one which the testatrix believed had been wrongfully abstracted from her keeping by an interested party; its deposit with Mr. Clark as custodian, expressly to prevent its sharing the same fate; its withdrawal from such custody, without, so far as the evidence goes, her direction or authority, only two weeks before her death; its continued existence down to the second day before her death; and the fact that it was not found, after her death, by those interested in its production, and that it was not produced by those interested in its suppression. These facts, in the absence of evidence that the will was de-

stroyed by the testatrix, or that she had at any time the intention to revoke it, do not, we think, necessarily, rebut the presumption that the will continued to be in existence at the time of her death. That such a presumption arose from the undisputed facts of this case is in accordance with the elementary rule that a previously existing state of things will be presumed to continue. 1 Greenl. Ev. § 41; *Beckwith* v. *Whalen*, 65 N.Y. 322. That presumption is, of course, rebuttable, and the fact that the will was not found or produced after the death of the testatrix is, undoubtedly, a circumstance tending to rebut it, the force of which is dependent upon all the other circumstances of the case. We are not disposed to indicate our opinion of the probative force of those circumstances in such manner as to prejudice the future disposition of the case, but we are of opinion that the case is a proper one to be submitted to a jury to pass upon the following questions: (1) Did the deceased, Maria Soule, in or about the month of November, 1886, make, publish, and declare, in due form of law to pass real and personal estate, an instrument in writing as and for her last will and testament? (2) Did she by such instrument make valid testamentary disposition of all her real and personal property by gift and devise to the proponents, Emily Beaver and Henry Beaver, equally, share and share alike, or, in case of the death of either of them before that of the testatrix, then to the survivor of them; and did she by such last will and testament make, constitute, and appoint the said Henry Beaver sole executor thereof? (3) Was such last will and testament in existence at the time of the death of the testatrix, unless the same had been fraudulently destroyed in her life-time? The decree should be reversed on a question of fact, and an order entered directing a trial by jury of the above-specified material questions of fact arising upon the issues between the parties, such trial to be had in the circuit court of Erie county. So ordered, with costs of this appeal to abide the final award of costs. The order to be settled by the presiding justice. All concur.